## ELIZABETH BROWN, Respondent, v. SPRING-FIELD TRACTION COMPANY, Appellant.

### Springfield Court of Appeals, February 7, 1910.

1. **EVIDENCE: Personal Injuries: Physician's Testimony: State-ment of Patient to Physician.** In an action for damages on account of injuries received in attempting to board one of defendant's street cars, plaintiff testified that since the injury she could not use two of her fingers. It was held proper to permit the attending physician to explain the anatomy of the hand and show how such want of power to use these fingers might result from such injury. It was also proper to permit the physician to testify that when he examined plaintiff she complained of not being able to use these fingers.

2. ————: **Use of Medical Books.** An attorney may use a medical book to aid him in framing questions to be asked of a physician testifying as an expert, but it is not permissible to read from such books to the jury.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

The court erred in admitting improper evidence offered by the plaintiff and in excluding competent, relevant and material evidence offered by defendant. Specially stated, such errors are: 1st. In the testimony of Dr. Coon, the court permitted a strange intermingling of so-called expert testimony with evidence bottomed on personal conversations between said witness and the plaintiff. 2d. The court excluded the excerpts from medical authorities offered by defendant. Holloway v. Kansas City, 184 Mo. 19; Bowman v. Woods, 19 Green (Iowa) 441; Stoudenmeir v. Williamson, 29 Ala. 558; Jones v. State, 65 Ga. 506.

*Hamlin & Seawell* for respondent.

We contend that the testimony of Dr. Coon was proper, and the court did not commit error in excluding the excerpts from medical authorities offered by appellant. Medical books cannot be read in evidence. McDonald v. Railroad, 219 Mo. 492.

STATEMENT.—Action for damages for injury charged to have been received by plaintiff while attempting to board one of defendant's street cars in the city of Springfield. The material part of the petition is as follows:

"That on the 10th day of September, 1908, at the intersection of said streets, to-wit: National Boulevard and High Streets, the defendant stopped one of its said cars for the purpose of permitting passengers to board same, and while plaintiff was boarding said car, and while in the act of stepping from the lower step on to the platform for the purpose of entering said car, and before she had sufficient time to do so, the servant, agent and employee of defendant, well knowing that plaintiff was in the act of boarding said car, or by the exercise of ordinary care could have known, negligently gave the motorman a signal to start same, and said motorman in response to said signal, negligently, suddenly and with a jerk, quickly started the car forward, throwing plaintiff against the rear end of same, known as the vestibule part of said car, with great force and violence and injured her as follows: that she suffered a Colle's fracture of the left arm,— was fractured at the wrist.

"That by reason of said injury she has suffered great pain of body and mind from said time to the present; That she has been under the treatment of a physician from said time to the present, and that said injury is permanent."

The answer was a general denial; trial had before a jury, resulting in a verdict for plaintiff for $450 and defendant has appealed.

COX, J.—The assignments of error are that the petition does not state a cause of action and will not support the judgment, and that the court erred in admitting incompetent testimony on the part of the plaintiff, and in excluding testimony offered by defendant. That the court erred in refusing a peremptory instruction, asked by defendant, directing the jury to find the issues for the defendant.

1. We think the petition well enough and shall rule the first assignment against the appellant.

2. As to the action of the court in admitting and excluding testimony, we are cited in appellant's brief to the testimony of Dr. Coon. By reference to the abstract of record we find that the first objection to his testimony was made when he was explaining the location of the muscles that control the movements of the fingers and the nerves which supply those muscles. The plaintiff had testified that since the injury she could not properly use two fingers of the hand. In view of this testimony of plaintiff's, it was eminently proper to permit Dr. Coon to explain the anatomy of the hand, and show how such want of power to use these fingers might result from an injury to the nerve located in the region of the bone fracture which she claimed to have received. Dr. Coon also testified that when he examined the plaintiff she complained of not being able to use those two fingers. This evidence was clearly competent because necessary to enable the physician to properly diagnose the patient's condition at that time. [Brady v. Springfield Traction Co., decided at this term and cases there cited.]

Defendant's counsel, after having cross-examined Dr. Coon as to what was said in certain medical books, offered to read from these books to the jury. This was refused, and is now assigned as error. In case of State v. Soper, 148 Mo. 217, 49 S. W. 1007, the trial court had permitted the prosecuting attorney in his closing argument to read from certain medical books to the

jury and that was assigned as error. The court said, pages 235 and 236, that it was within the discretion of the trial court to permit the counsel to read from the writings of eminent physicians during the argument to the jury, but that it could not be demanded as a matter of right. In the later case of McDonald v. Railroad, 219 Mo. 468, l. c. 492, 118 S. W. 78, the ruling in the Soper case was criticised, and from the McDonald case, as well as from authorities of other States, we glean the correct rule to be that an attorney may use a medical book to aid him in framing questions to be asked of a physician testifying as an expert, but it is not permissible to read from such books to the jury, and the court did not err in refusing permission to defendant's counsel to read from such books to the jury in this case.

3. As to the refusal of the court to peremptorily instruct the jury to return a verdict for defendant, it is sufficient to say that plaintiff, by her testimony, made out a case and it was for the jury to weigh the testimony and determine the issues submitted to it. The instructions in this case were very fair to the defendant, and we have found nothing in this record to justify us in interfering with the judgment of the court below, and it will, therefore, be affirmed. All concur.